IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JEFFREY LEE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | CASE NO. |
| CITY OF CHATTANOOGA, TENNESSEE, | ) | |
| AND BRIAN BLUMENBERG, | ) | |
| INDIVIDUALLY AND IN HIS CAPCITY AS | ) | |
| AN OFFICER FOR THE CHATTANOOGA | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

1. This is a civil action based on the provisions of 42 U.S.C. § 1983 and the Fourth and Fifth Amendments of the United States Constitution and the provisions of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §29-20-201 et seq. The plaintiff seeks damages for false imprisonment and pretrial confinement. The plaintiff Jeffrey Lee Moore is a citizen and resident of Coffee County, Tennessee. The defendant City of Chattanooga, Tennessee, is a governmental entity and is responsible for the conduct of the city employees and agents and is responsible for action of the officers of the Chattanooga Police Department. The defendant Brian Blumenberg is an officer of the Chattanooga Police Department and an employee of the city. Both defendants are subject to the provisions set out in 42 U.S.C. §1983 and the Fourth and Fifth Amendments to the United States Constitution. This court has jurisdiction of this action.

2. The facts that give rise to this case involve the false imprisonment and pretrial detention of the plaintiff beginning in Oklahoma County, Oklahoma, on August 24, 2016.

2. The facts that give rise to this case involve the false imprisonment and pretrial detention of the plaintiff beginning in Oklahoma County, Oklahoma, on August 24, 2016. The plaintiff was in Oklahoma working as a truck driver and delivering goods to a military installation when a routine check was made through NCIC. It was reported that there were outstanding warrants against the plaintiff that had been sworn out by the defendant Blumenberg with the arresting agency being the Chattanooga Police Department. The warrants were signed against one Jeffrey Moore for driving under the influence, evading arrest, failure to maintain lane, open container law, and seat belt violation. The incident described in the warrant took place on February 17, 2014. The plaintiff was elsewhere at that time. The Jeffrey Moore in the arrest warrant, however, was a different Jeffrey Moore. The real Jeffrey Moore resided in Chattanooga. The real criminal defendant was a totally different person. The names were coincidental. The real Jeffrey Moore had been taken to the hospital and was not put into custody at the time of the incident. There were two Jeffrey Moores, and it could have been easy to ascertain that the Jeffrey Moore with the Tullahoma address was not the Jeffrey Moore who had actually committed the DUI offense. The true Jeffrey Moore was transported to the hospital at the time of the DUI offense, and reasonable inquiry would have established this. The plaintiff was incarcerated in Oklahoma from August 24, 2016, until September 13, 2016, when officers, still not acknowledging the error, went to Oklahoma, picked the plaintiff up and drove him back to City of Chattanooga. The plaintiff was booked into the City of Chattanooga Jail on September 13, 2016. He made bond and awaited the disposition of his case. The plaintiff used an attorney for his defense, and it was readily

made apparent to the court that the plaintiff was not the Jeffrey Moore who had committed a criminal offense in City of Chattanooga on February 17, 2014. The criminal warrant charging the plaintiff erroneously used a 214 Johnson Lane, Tullahoma, address. The officer issuing the warrant was the defendant Brian Blumenberg. The arresting agency was the Chattanooga Police Department. At all times material the defendant Brian Blumenberg was an officer with the Chattanooga Police Department and an employee of the defendant City of Chattanooga. The plaintiff hired an attorney. After a hearing it was made apparent that the plaintiff was the wrong Jeffrey Moore. General Sessions Judge David E. Boles dismissed the plaintiff's criminal charges on November 16, 2016. The plaintiff had been imprisoned illegally. He was in detention in Oklahoma for twenty days. He was transported in confinement. He was confined in Hamilton County until he was able to make bond. The plaintiff was on the job with a trucking company when he was placed into confinement in Oklahoma. His employer was forced to send a replacement driver to retrieve the truck. The plaintiff lost his job. The plaintiff's reputation and employment potential were damaged. He suffered humiliation, pain and anguish, and the loss of income. He was compelled to expend money for bond and for his defense. The distress and losses continue.

3. *42 U.S.C. §1983* creates a species of tort liability for the deprivation of any rights, privileges or immunities secured by the Constitution. Pretrial detention violates the Fourth Amendment not only when it precedes but also when it follows the start of legal process. The Fourth Amendment prohibits government officials from detaining a person absent probable cause. In this case, there was no probable cause for the pretrial

3

detention of the plaintiff, and he is entitled to relief not merely for his imprisonment, but for his pretrial detention. The plaintiff was also arrested without probable cause in violation of his due process rights under the Fifth Amendment of the United States Constitution.

4. There was no probable cause to seek the detention of the plaintiff. There was no probable cause for his arrest. The actions of the defendants demonstrated a gross lack of reasonable inquiry so as to ascertain the identity of the true Jeffrey Moore. It would have been easy to ascertain that Jeffrey Lee Moore, the plaintiff in this case, was not the same person as Jeffrey Harris Moore, the true criminal defendant. The directive given to the NCIC was grossly irresponsible and constituted a lack of probable cause such that violates the Fourth and Fifth Amendments and entitles the plaintiff to recover damages under *42 U.S.C. §1983*.

5. The plaintiff also has a claim for damages under the provisions of the Tennessee Governmental Tort Liability Act (GTLA). *Tenn. Code Ann. §29-20-201* et seq. The GTLA gives governmental entities immunity from a lawsuit arising from the exercise or discharge of governmental functions with certain exceptions. One of the exceptions to this general rule provides that a governmental entity is not immune where a plaintiff's injuries result from the negligence of a governmental employee. *Tenn. Code Ann. §29-20-205(1)*. In an exception to this exception, governmental entities are immune when injuries result from a number of specified intentional torts, including false imprisonment pursuant to a *mittimus* from a court. *Tenn. Code Ann §29-20-205(2)*. In respect to the

plaintiff's imprisonment claim, there is no indication that the plaintiff was in detention pursuant to a *mittimus* from the court; and, therefore, the retention of immunity contained in *§29-20-205(2)* does not apply. The city retained immunity only from suits for injuries arising out of the false imprisonment pursuant to a *mittimus* from a court. That is not the case here, and the city's immunity is removed.

6. The defendants Chattanooga and Brian Blumenberg were guilty of the following acts in violation of 42 U.S.C. §1983 and of the GTLA in the following respects:

   a) By depriving the plaintiff of his liberty without probable cause or justification;

   b) By directing through the NCIC the detention of the plaintiff;

   c) By failing to conduct a reasonable inquiry into the identity of the plaintiff;

   d) By failing in the exercise of reasonable diligence to make inquiry or an investigation of the facts touching the probable guilt of the plaintiff as an ordinary and prudent person would have made under the same circumstances.

   e) By failing to institute, and allow the implementation, of procedures to prevent an incident of this kind.

7. As a direct and proximate result of the acts of the defendants in derogation of the plaintiff's Constitutional rights and the protections defined in the GTLA, the plaintiff suffered damages as a result of his confinement and arrest and detention These damages include his pain and suffering, his anguish and humiliation, his loss of income and his employment, his expense in defending himself against charges brought without probable cause, and such other losses and compensatory damages as may be shown to the court.

5

The plaintiff states additionally that, because of the gross and irresponsible action of the defendants, the plaintiff is entitled to punitive damages.

WHEREFORE, the plaintiff demands judgment against the defendants as follows:

1. That proper process issue and be served upon the defendants and the defendants be required to answer within the time allowed by law.

2. That upon the trial of this cause the plaintiff be awarded compensatory damages of $150,000.00 and punitive damages of $50,000.00.

3. That the plaintiff be given judgment for his costs, his discretionary cots, and his attorney fees.

4. That the case be tried by jury.

Respectfully submitted,

SWAFFORD, PETERS, PRIEST & HALL

By: _____
Robert S. Peters, BPR 3630
120 North Jefferson Street
Winchester, TN 37398
931-967-3888

AND

*Glen A. Isbell*

GLEN A. ISBELL, BPR 20147
16 South Jefferson Street
Winchester, TN 37398
931-962-9008
Attorneys for the Plaintiff,
Jeffrey Lee Moore

6