UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JEFFREY LEE MOORE, | : |
| | : |
| Plaintiff, | : |
| | : CASE NO. 4:17-cv-42-JRG-CHS |
| v. | : |
| | : |
| CITY OF CHATTANOOGA, TENNESSEE, | : |
| and BRIAN BLUMENBERG, individually | : |
| and in his capacity as an officer for the | : |
| CHATTANOOGA POLICE DEPARTMENT, | : |
| | : |
| Defendants. | : |

ANSWER OF DEFENDANTS CITY OF
CHATTANOOGA, TENNESSEE AND BRIAN BLUMENBERG

COME NOW the Defendants City of Chattanooga, Tennessee ("City") and Brian Blumenberg ("Blumenberg"), individually and in his official capacity as an officer of the Chattanooga Police Department, (hereinafter collectively, "Defendants") by and through counsel, and for Defendants' answer to Plaintiff's Complaint styled against them state the following:

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendants upon which relief can be granted.

**SECOND DEFENSE**

For answer to the specific allegations of Plaintiff's Complaint, Defendants state as follows:

1.  Answering Paragraph 1 of Plaintiff's Complaint, Defendants state as follows: No answer is required of Defendants with respect to the first and second sentences of Paragraph 1 as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the

1

extent that an answer may be required, Defendants deny that that Plaintiff's Complaint states a claim for relief and further deny that any of the Defendants are liable to the Plaintiff under any theory whatsoever. Regarding the allegations contained in the third sentence of Paragraph 1, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein; therefore, for purposes of this Answer, these allegations are denied. Defendants admit the fourth, fifth, sixth, and seventh sentences of Paragraph 1.

2. Answering the first Paragraph 2 on page 1 of Plaintiff's Complaint, no answer is required of Defendants with respect to the allegations contained in the first Paragraph 2 as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, Defendants deny that that Plaintiff's Complaint states a claim for relief based on false imprisonment or pretrial detention against these Defendants and further deny that any of the Defendants are liable to the Plaintiff under any theory whatsoever.

3. Answering the second Paragraph 2 on page 2 of Plaintiff's Complaint, Defendants state as follows: (a) No answer is required of Defendants with respect to the first sentence of the second Paragraph 2 as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, Defendants deny that that Plaintiff's Complaint states a claim for relief based on false imprisonment or pretrial detention against these Defendants and further deny that any of the Defendants are liable to the Plaintiff under any theory whatsoever. (b) Regarding the allegations contained in the second, third, 14th, 16th, 17th, 22nd, 23rd, 24th, 26th, 27th, 28th, 29th, 30th, 31st, 32nd, 33rd, and 34th sentences of the second Paragraph 2 on pages 2 and 3 of Plaintiff's Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in said sentences; therefore, for purposes of this Answer, these allegations are denied. (c) Regarding the allegations contained

in the 15th sentence of the second paragraph 2 on page 2 of Plaintiff's Complaint, it is expressly denied that Plaintiff was ever booked into the City of Chattanooga jail. Furthermore, Defendants are without sufficient information or knowledge to admit or deny the allegation of when Plaintiff was booked into any jail; therefore, for purposes of this Answer, these allegations are denied. (d) Regarding the allegations contained in the fourth, sixth, eighth, ninth, tenth, 11th, 13th, 19th, 20th, 21st, and 25th sentences of the second Paragraph 2 on pages 2 and 3 of the Plaintiff's Complaint, Defendants admit that Defendant Brian Blumenberg, a Chattanooga Police Department officer, investigated a single vehicle motor vehicle accident that occurred on February 1, 2014 and charged on individual known as Jeffery Moore, who had been transported to Erlanger Hospital and not been put in custody at the time, with various driving related offenses after he was injured in a motor vehicle accident. It was later determined that the Jeffery Moore that had been the driver of the aforesaid motor vehicle was not the Jeffery Moore who was arrested by law enforcement in Oklahoma. Other than as stated herein, the allegations contained in the fourth, sixth, eighth, ninth, tenth, 11th, 13th, 19th, 20th, 21st sentences of the second Paragraph 2 on pages 2 and 3 of Plaintiff's Complaint are denied. (e) Defendants deny the allegations contained in the fifth, 12th, and 35th sentences of the second Paragraph 2. (f) Regarding the allegations contained in the seventh and 18th sentences of the second Paragraph 2 on pages 2 and 3 of Plaintiff's Complaint, Defendants admit that they later learned through this lawsuit that the Jeffery Moore arrested by Oklahoma law enforcement personnel is not the same Jeffery Moore who was involved in the motor vehicle accident on February 1, 2014 nor did that Jeffery Moore live at 214 Johnson Lane, Tullahoma. Other than as stated herein, the allegations contained in the seventh and 18th sentences of the second Paragraph 2 sentences of the second Paragraph 2 on pages 2 and 3 of Plaintiff's Complaint are denied.

4. No answer is required of Defendants with respect Paragraph 3 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, Defendants deny that that Plaintiff's Complaint states a claim for relief for any Fourth or Fifth Amendment violation by Defendants and further deny that any of the Defendants are liable to the Plaintiff under 42 U.S.C. § 1983 or any theory whatsoever.

5. Answering Paragraph 4 of Plaintiff's Complaint, Defendants state as follows: Regarding the allegations contained in the first and second sentences of Paragraph 4, Defendants state that Blumenberg had probable cause to seek the arrest of the Jeffery Moore who was involved in the motor vehicle accident and reasonably relied on information available to him in preparing the Affidavit of Complaint which resulted in the Plaintiff's arrest by Oklahoma law enforcement. Other than as stated herein, the allegations contained in first and second sentences of Paragraph 4 are denied. Defendants deny the allegations contained in the third, fourth, and fifth sentences of Paragraph 4. Any remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied. It is expressly denied that the actions of Defendants violated any Fourth or Fifth Amendment constitutional rights of the Plaintiff, Jeffery Lee Moore.

6. No answer is required of Defendants with respect Paragraph 5 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, Defendants deny that that Plaintiff's Complaint states a claim for relief pursuant to the Tennessee Government Tort Liability Act ("TGTLA") and further deny that either of the Defendants are liable to the Plaintiff under any theory whatsoever. In addition, Defendants state that immunity from suit on state law claims have not been removed and that Blumenberg did not commit any intentional tort for which he would be

subject to personal liability under the TGTLA or otherwise under Tennessee law.

7. Defendants City and Blumenberg deny all the allegations contained in Paragraph 6 of Plaintiff's Complaint.

8. Defendants City and Blumenberg deny all the allegations contained in Paragraph 7 of Plaintiff's Complaint and expressly deny that City or Blumenberg engaged in any gross actions that could subject any Defendant to punitive damages.

9. Defendants state that no answer is necessary from them with respect to the prayer for relief, but to the extent that an answer may be required, Defendants deny that they are liable to Plaintiff for any damages, costs, or attorney's fees in any amount.

10. All other allegations of the Complaint not heretofore admitted, explained or denied are hereby specifically denied and Defendants demand strict proof thereof.

### THIRD DEFENSE

Defendants deny that City, Blumenberg, or any of its employees violated the Plaintiff's constitutional rights or that City, Blumenberg, or any of its employees violated 42 U.S.C. § 1983 in any actions taken toward the Plaintiff.

### FOURTH DEFENSE

Defendants submit that Defendant Blumenberg, in his individual and official capacities, enjoys qualified immunity as a police officer of the City as he was acting pursuant to duly enacted laws of the City and the State of Tennessee.

### FIFTH DEFENSE

Defendants deny that any claim by Plaintiff has occurred as a result of any unconstitutional policy, custom or practice adopted by any official policymaker of City.

**SIXTH DEFENSE**

Defendants would show that there was no illegal action taken by Defendant Blumenberg, in his individual and official capacities, towards Plaintiff and no action by this officer occurred as a result of any unconstitutional policy, custom, or practice adopted by City.

**SEVENTH DEFENSE**

Defendants deny that Blumenberg deprived Plaintiff of any of his constitutional rights or that Defendant Blumenberg or any other police officer in any way violated 42 U.S.C. § 1983, the United States Constitution, the Tennessee Constitution, or any statutory or common law of the State of Tennessee as a result of any actions taken against Plaintiff.

**EIGHT DEFENSE**

City states that it cannot be held liable for any damages asserted by Plaintiff claimed on the grounds that any alleged injuries sustained by Plaintiff were not proximately caused by or directly related to any unconstitutional policy, custom or practice of City. City would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*. City would assert that Blumenberg's actions were objectively reasonable based upon the facts known to him at the time and that he did not violate Plaintiff's constitutional rights.

**NINTH DEFENSE**

City will show that it was not deliberately indifferent in providing any training or supervision of its officers in connection with this incident.

**TENTH DEFENSE**

City and Blumenberg, in his official capacity, would submit that they cannot be subject to punitive damages in this case as a matter of law and that any punitive damages claimed against

Blumenberg, in his individual capacity, is not supported by the facts.

## ELEVENTH DEFENSE

The applicable statute of limitations has expired on Plaintiff's claims with the result that this action should be dismissed with prejudice.

## TWELFTH DEFENSE

To the extent that Plaintiff may allege that he has asserted claims under Tennessee law, which claim Defendants specifically deny, Defendants raise the following additional defenses:

 a. Defendants specifically asserts all defenses applicable to them under the Tennessee Governmental Tort Liability Act "TGTLA", T.C.A. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, Defendants rely upon the following provisions:

  A. T.C.A. § 29-20-205 set out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

   i. T.C.A. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

   ii. T.C.A. § 29-20-205(2): False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

   iii. T.C.A. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

7

    iv. T.C.A. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

  B. T.C.A. § 29-20-307 provides for the right to trial without a jury; and

  C. T.C.A. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability set forth therein.

  b. Defendants submit that claims of common law negligence are included in and covered by the TGTLA. See, e.g., *Collier v. Memphis Light, Gas & Water Div.*, 657 S.W.2d 771, 776 (Tenn. Ct. App. 1983). Defendants further assert that immunity is preserved for governmental entities unless a specific exception under the TGTLA removes immunity. See *Kirby v. Macon County*, 892 S.W.2d 403 (Tenn. 1994).

  c. Blumenberg is immune from liability pursuant to the TGTLA for any act or omission for which the immunity of the governmental entity is removed by the TGTLA.

  d. City asserts that it is entitled to sovereign immunity from any liability based upon certain intentional torts and/or any negligence claims of its employees based upon the specific torts enumerated within T.C.A. § 29-20-205(2).

  e. City asserts that no claim may be brought against any of its employees or judgment entered against its employees under the TGTLA for any injury proximately caused by an act or omission of an employee within the scope of employee's employment and in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403 pursuant to the provisions of T.C.A. § 29-20-310(c).

## THIRTEENTH DEFENSE

Defendants reserve the right to assert any additional defense which its investigation or discovery reveals may apply to bar in whole or in part any of Plaintiff's claims.

8

Case 4:17-cv-00042-CHS   Document 18   Filed 10/16/17   Page 8 of 10   PageID #: 43

WHEREFORE, having fully answered, Defendants City of Chattanooga, Tennessee and Brian Blumenberg, individually and in his official capacity as an officer of the Chattanooga Police Department, pray that this cause filed against them be dismissed and that they be allowed to recover reasonable costs and attorneys' fees.

This 16th day of October, 2017.

        Respectfully submitted,

        CITY OF CHATTANOOGA, TENNESSEE
        OFFICE OF THE CITY ATTORNEY


By:   s/ *Keith J. Reisman*
     PHILLIP A. NOBLETT - BPR #10074
     *Deputy City Attorney*
     KEITH J. REISMAN – BPR #26974
     *Assistant City Attorney*

     *Attorneys for City of Chattanooga, Tennessee and Brian Blumenberg*

     100 East 11th Street, Suite 200
     Chattanooga, Tennessee 37402
     (423) 643-8250
     (423) 643-8255 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 16th day of October, 2017.

                                          /s/ *Keith J. Reisman*
                                          KEITH J. REISMAN

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
kreisman@chattanooga.gov