UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JEFFREY LEE MOORE, | : |
| Plaintiff, | : |
| | : CASE NO. 4:17-cv-0042 |
| v. | : |
| | : JUDGE STEGER |
| CITY OF CHATTANOOGA, TENNESSEE, | : |
| and BRIAN BLUMENBERG, individually | : |
| and in his capacity as an officer for the | : |
| CHATTANOOGA POLICE DEPARTMENT, | : |
| Defendants. | : |

**REPORT OF PARTIES'**
**PLANNING MEETING AND DISCOVERY PLAN**

Pursuant to the Federal Rules of Civil Procedure 26(f), the parties held a meeting by telephone on February 13, 2018 which was attended by Robert S. Peters for the Plaintiff and Phillip A. Noblett and Keith J. Reisman for the Defendants. These parties jointly propose to the Court the following discovery plan:

1. The initial disclosures required by Rule 26(a)(1) will be exchanged by February 27, 2018.

2. The parties at this time anticipate discovery will be needed generally on the subjects of (i) liability and damages; (ii) the facts and circumstances regarding the criminal prosecution of the Plaintiff by the City of Chattanooga and his incarceration and treatment; and, (iii) all documents, memoranda, e-mails and correspondence relevant to the case and which is in the possession and control of any party for all the parties subject to discovery under Rule 26(b). Discovery should be completed in the time and manner as set forth in the Court's Scheduling Order.

1

3. The parties do not anticipate any disputed issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

4. It is anticipated that one or more parties will assert that some information may be privileged and/or confidential; however, the parties do not anticipate any irresolvable issues regarding claims of privilege and/or confidentiality. Should the parties agree on a procedure to assert claims of privilege or protection during discovery, the Court will be asked to include the parties' agreement in an order. If the parties cannot agree on a procedure to assert claims of privilege and/or protection during discovery, they will request the Court to resolve any dispute related to privilege and/or protection.

5. In order to facilitate discovery, the parties agree to the following clawback provisions:

   (a) The parties seek the entry of a court order regarding the consequences of disclosing privileged or work product protected information in this case.

   (b) The parties will use their best efforts to avoid disclosing privileged and work-product protected information in this case. Nonetheless, because of the time constraints of discovery in this case and the volume of information to be reviewed by each party, all parties are concerned that they may disclose a privileged or work-product protected document without intending to waive privilege or protection.

   (c) When a lawyer receives a document that the receiving lawyer knows or reasonably should know is attorney-client privileged or work-product

protected, the receiving lawyer:

    (i)    shall not read the document further than reasonably necessary to determine it is privileged or work-product protected and shall not disseminate the document (or information about its contents) to anyone other than a supervising lawyer and/or disinterested lawyer consulted to secure legal advice about the receiving lawyer's compliance with this rule; and

    (ii)    shall promptly notify the sending lawyer; and

    (iii)    shall retrieve and sequester the document (including duplicates and information about the document's contents); and

    (iv)    other than as permitted in subsection (e), shall follow the sending lawyer's instructions regarding returning, deleting, or destroying the document (including duplicates) and deleting or destroying any information about the document's content.

(d)    A receiving lawyer is also required to follow the requirements of subsections (c)(iii)-(iv) if a sending attorney notifies the receiving lawyer that an identified document is privileged or work-product protected. The receiving lawyer shall not read the document or disseminate the document or information about its contents after receiving notice from sending counsel.

(e)    The receiving lawyer may maintain under seal a copy of the document that may be submitted to the court in which the matter is pending for a waiver ruling no later than thirty (30) days after receiving the sending lawyer's

3

subsection (c)(iv) instructions. In any such proceeding, the receiving lawyer shall not refer to the contents of the document in any brief or in argument before the court. The receiving lawyer shall not retain any copy of the sealed document in his or her files and shall destroy the sealed document if it is not submitted to the court within thirty (30) days.

(f) If the receiving attorney asks the court to determine the disclosure results in waiver, the court will presume that disclosure did not waive the privilege or work-product protection unless the sending attorney expressed in writing the intent to waive the privilege or work-product protection with the disclosure. If the court finds no waiver, the receiving party will pay the sending party's attorney's fees and costs related to responding to the waiver motion.

6. The parties do not anticipate that any changes will be needed to the limitations on discovery imposed under the *Federal Rules of Civil Procedure* or by the local rules.

7. Each deposition is limited to a maximum of seven (7) hours unless extended by agreement of the parties.

8. The parties do not anticipate that there will be a need for any orders under Rule 26(c) or under Rule 16(b) and (c) other than the Court's Scheduling Order unless there is some inadvertent disclosure of privileged or trial preparation materials.

9. The parties believe that prospect for settlement is unknown at this time.

10. The parties anticipate the length of trial to be 3 days.

Dated this 15th day of February, 2018.

Respectfully submitted,

SWAFFORD, PETERS, PRIEST & HALL

By: _____s/Robert S. Peters*_____
   ROBERT S. PETERS - BPR # 3630
   120 North Jefferson Street
   Winchester, Tennessee 37398
   (931) 967-3888
   rspeters@spphlaw.com
   *Attorneys for Plaintiff*

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY

By: _____s/ Keith J. Reisman_____
   PHILLIP A. NOBLETT - BPR # 10074
   Deputy City Attorney
   KEITH J. REISMAN – BPR # 26974
   *Assistant City Attorney*
   100 East 11th Street, Suite 200
   Chattanooga, Tennessee 37402
   (423) 643-8250
   (423) 643-8255 – Fax
   kreisman@chattanooga.gov
   *Attorneys for Defendants*

*Sign with expressed permission by Keith J. Reisman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Dated this 15th day of February, 2018.

                                                                            s/ Keith J. Reisman
                                                                            KEITH J. REISMAN

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
kreisman@chattanooga.gov